1  Spencer C. Skeen CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Tim L. Johnson CA Bar No. 265794
   tim.johnson@ogletree.com
3  Andrew J. Deddeh CA Bar No. 272638
   andrew.deddeh@ogletree.com
4  Brett R. Tengberg CA Bar No. 318436
   brett.tengberg@ogletree.com
5  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
6  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
7  Telephone:   858-652-3100
   Facsimile:    858-652-3101
8
   Attorneys for Defendants CRAFT USA HOLDINGS, LLC and ANHEUSER-
9  BUSCH COMMERCIAL STRATEGY, LLC

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13 | WILLIAM JAIMES, individually and on behalf of the putative class, | Case No. |
|----|---|---|
| 14 | | **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446** |
| 15 | Plaintiff, | |
| 16 | v. | [*Civil Cover Sheet, Notice of Interested Parties, and Declarations of Tim L. Johnson, Scott Keller, and James Mathis filed concurrently herewith*] |
| 17 | CRAFT USA HOLDINGS, LLC, a Delaware limited liability company; ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC, a Delaware limited liability company; and DOES 1-50, Inclusive, | |
| 18 | | |
| 19 | | Complaint Filed: January 27, 2025 Trial Date:         None Set |
| 20 | Defendants. | |

Defendant Craft Holdings USA, LLC and Anheuser-Busch Commercial strategy, LLC ("Craft") hereby removes the above-entitled action ("Action") to the United States District Court for the Central District of California, Western Division under 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ["CAFA"]), and 1446. Craft does so on the grounds that: (1) minimal diversity exists between Craft, on the one hand, and Plaintiff William Jaimes ("Plaintiff") and many of the putative class members, on the other hand; (2) the aggregate number of putative members amongst all proposed classes exceeds 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed the Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I.   STATE COURT ACTION

1. Plaintiff filed the Class Action Complaint on January 27, 2025, in Los Angeles Superior Court ("Action"), against Craft. (Declaration of Tim Johnson ["Johnson Decl."], ¶ 2; Ex. 1, Complaint.) A copy of the Complaint packet is attached as **Exhibit 1**. The Action was assigned Case No. 25STCV01568. (*Id*.)

2. On January 29, 2025, Plaintiff served Craft with the Complaint. (Johnson Decl. ¶ 3: Ex. 2, Proof of Service of Summons.) A copy of the executed Proof of Service of Summons is attached as **Exhibit 2.**

3. Craft filed an Answer to Plaintiff's Complaint in the Los Angeles Superior Court on February 27, 2025. (Johnson Decl., ¶ 4; Ex. 3, Answer.) A copy of the Answer to Plaintiff's Complaint is attached as **Exhibit 3.**

## II.   REMOVAL IS TIMELY

4. The time to remove under 28 U.S.C. Section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which

is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not contain all facts and data to calculate the amount in controversy with reasonable certainty as to the individually named Plaintiff or as to the putative class. Accordingly, it is not possible to ascertain solely from the Complaint all facts and data that this case is removable, and, to date, Craft has not received any other document which would constitute an "other pleading, motion, order or other paper" providing this information. (*See* Johnson Decl.¶ 6.) Accordingly, the time to remove this action has not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). As set forth below, Craft has only recently discovered such evidence after collection and review of relevant records of the implicated employees and an analysis of the estimated damages based on reasonable assumptions drawn from the Complaint. Therefore, Craft is timely removing this case based on that information, as well as the allegations in the Complaint.

5.      Even if it could be determined from the face of the Complaint that this action is removable, this Notice of Removal would still be timely. Craft was served with the Complaint and Summons on January 29, 2025. (Johnson Decl. ¶ 3; Exhibit 2, Proof of Service.) As such, the time to remove could not expire, at the earliest, until after February 28, 2025 the first court day 30 days after service of the Complaint. 28 U.S.C. § 1446(b). This Notice is therefore timely, as it was filed by that date.

### III.   **REMOVAL IS PROPER UNDER CAFA**

6.      Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts causes of action on a class wide basis for: 1. Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 1194 and 1197); 2. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510 and 1194); 3. Failure to Provide Meal Periods (Cal. Labor Code §§ 512 and 226.7); 4. Failure to Provide Rest Periods (Cal. Labor Code § 226.7); 5. Failure to Reimburse Business Expenses ( Cal. Labor Code § 2802); 6.

Failure to Furnish Timely and Accurate Wage Statements (Cal. Labor Code § 226); 7. Failure to Pay All Compensation Due During Employment and Upon Discharge (Cal. Labor Code §§ 201, 202, and 203); and 8. Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.). (Ex. 1, Complaint.)

7. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

8. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a State different from Craft, the number of individuals in the proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. **CAFA's Diversity of Citizenship Requirement is Satisfied**

9. CAFA's diversity requirement is satisfied "so long as 'any member of a class of Plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

10. Plaintiff is a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (Ex. 1, Complaint, ¶ 9.) Numerous putative class members are also residents of the State of California within the meaning of 28 U.S.C. § 1332(a). (Keller Decl. ¶ 6.)

11. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The Supreme Court has held the "principal

place of business" is best read as referring to the place where a company's officers "direct, control, and coordinate its activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified that the principal place of business was the place where the company "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*.

12. Craft is, and at all times relevant to this action was, a citizen of Delaware and Missouri. Craft is a company organized under the laws of Delaware. Further, Craft headquarters and principal place of business – where its operations are directed, controlled, and managed – is in Missouri. Craft has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. Accordingly, Craft is a citizen of Delaware and Missouri, and not a citizen of California. (Declaration of James Mathis, ¶ 2-3.)

13. The CAFA diversity requirement has been met because Plaintiff (or any one of the numerous implicated employees) is a citizen of California and Craft is not; it is a citizen of Delaware and Missouri. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B.   CAFA's Class Size Requirement Is Satisfied**

14. Plaintiff purports to brings the Action on behalf of "all non-exempt employees currently and formerly employed by CRAFT USA HOLDINGS, LLC (the "Class") — in the State of California from four years prior to the filing of this Complaint through to the trial date ("Class Period")." (Complaint, ¶ 3.)

15. Craft disputes Plaintiff's allegations and does not waive any rights to challenge Plaintiff's pleading. Nevertheless, between January 27, 2021, through the date Scott Keller executed the declaration in support of this Notice of Removal, Craft employed at least 1,103 individuals (in the aggregate). (Keller Decl. ¶ 2.) This four-year lookback period corresponds within the statutory limitations period of the Unfair Competition claim alleged by Plaintiff. Bus & Prof. Code § 17208; Complaint, XX, Prayer. Thus, CAFA's class size requirement is satisfied.

     **C.**    **CAFA's $5 Million Amount in Controversy Requirement Is Met**

16. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

17. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

18. Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint, based on the allegations in it, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

     **1.**    **Relevant Data**

19. From January 27, 2021, to the present, Craft employed, in the aggregate, at least 1,103 non-exempt employees in California. (Keller Decl. ¶ 2.) Those employees worked approximately workweeks 67,521. (*Id.*) The average rate of pay is

---

[1] In alleging the amount in controversy for purposes of CAFA, Craft does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Craft concede that any or all putative class members are entitled to any recovery in this case or are appropriately included in the action. Craft also does not concede Plaintiff can bring claims on class or representative basis.

$19.74. (*Id.*)

20. From January 27, 2022, to the present, at least 588 non-exempt employees in California separated from their employment with Craft USA. (Keller Decl. ¶ 3.)

21. From January 27, 2024, to the present, Craft employed at least 421 non-exempt employees in California for whom there are approximately 7,793 pay periods for which wage statements would be issued. (Keller Decl. ¶ 4.)

### 2. Waiting Time Penalties

22. Plaintiff alleges Defendants willfully failed to Class Members who are no longer employed by Defendants compensation due upon termination as required by California Labor Code §§ 201 and 202. As a result, Defendants are liable to Plaintiff and Waiting Time Class Members waiting time penalties provided under California Labor Code § 203, plus reasonable attorneys' fees and costs of suit. (Complaint ¶ 74.)

23. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). (See also, Complaint ¶ 7.)

24. From January 27, 2022, to the present, at least 588 non-exempt employees in California separated from their employment with Craft USA. (Keller Decl. ¶ 3.) The average hourly rate is $19.74. This equals an average daily rate (8 hours) of approximately $157.92. (*Id.*)

25. Therefore, based on Plaintiff's claim of entitlement to statutory penalties premised on violation of Labor Code § 201 and 202, the amount in controversy for waiting time penalties is at least **$2,785,709** ($157.92 daily rate ($19.74 per hour x 8 hours) x 30 days x 588 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it

"completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption).

### 3. Wage Statement Penalties

26. Plaintiff alleges "Defendants failed to include all wages owed and owing to Plaintiff and Class Members on their wage statements, because these statements did not show premium pay for missed meal and rest periods as required under California law." (Complaint ¶ 66.) Plaintiff further alleges "wage statements also reflect routine, repeated, and deliberate violations of California labor laws." (Complaint ¶ 28.) Plaintiff claims the wage statement issues were knowing and intentional. (Complaint ¶ 68.)

27. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015). Labor Code § 226(e) provides for the greater of all actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each subsequent pay period in which a violation occurred, up to $4,000.00 per putative class member. Lab. Code § 226(e).

28. From January 27, 2024, to the present, Craft employed at least 421 non-exempt employees in California for whom there are approximately 7,793 pay periods for which wage statements would be issued. (Keller Decl. ¶ 4.)

29. No employee received more than 40 wage statements during this period, so the penalty per person cannot exceed $4,000. (Keller Decl. ¶ 4.)

30. Based on the above, the total amount of potential wage statement penalties to putative class members in controversy is at least **$758,250** (421 initial wage statements x $50 = 21,050; 7,372 [7,793 – 421] subsequent wage statements x $100 = $737,200 [$21,050 + $737,200 = $758,250]).

### 4. Unpaid Time from Off the Clock Work

31. Plaintiff alleges: the putative class members were not paid for hours worked, including by requiring Plaintiff and the Class Members to complete work off

the clock and otherwise denying Plaintiff and the Class Members payment for all hours worked." (Complaint ¶ 26.) Plaintiff further alleges the putative class members were not paid for "work completed before clocking in or after clocking out, as required by Defendants. (Complaint ¶ 32.) Plaintiff maintains work off the clock was regular, alleging "Plaintiff and Class Members regularly worked "off the clock" as required by Defendant, and they were not paid any wages for this time worked. Defendant unlawfully failed to pay Plaintiff and Class Members the proper compensation for these hours." (Complaint ¶ 42.) Accordingly, it is reasonable to assume some unpaid time for each shift.

32. Plaintiffs' Unfair Competition Law ("UCL") is premised on the "above-described unlawful actions," including the above alleged off-the-clock. (Complaint, ¶ 80.)

33. The statute of limitations for a claim under the UCL is four years. Cal. Bus. & Prof. Code § 17208. Under the UCL, an individual may recover unlawfully withheld wages as a form of restitution. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000).

34. From January 27, 2021, to the present, Craft employed, in the aggregate, at least 1,103 non-exempt employees in California. Those employees worked approximately 67,521 workweeks. (Keller Decl. ¶ 2.)

35. Based on the above and utilizing the average wage rate for all employees of $19.74, the total amount of potential outstanding pay to putative class members in controversy is at least $1,110,720 (5-day workweek x $19.74 x 10 minutes per shift x 67,521 workweeks.)

**5. Meal and Rest Period Violations**

36. Plaintiff alleges that "[d]espite being non-exempt hourly employees, Plaintiff and the Class Members were not afforded legally compliant meal or rest breaks. Defendants also did not provide premium pay for missed meal and rest breaks." (Complaint ¶ 25.)

37. As to meal periods only, Plaintiff alleges "Defendants failed to provide meal periods as required by Labor Code §§ 226.7, 512 and applicable Wage Orders. Plaintiff and Class Members worked in excess of five hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and applicable Wage Orders. See Brinker Restaurant Corp., et al. v. Superior Court (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it. relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30—minute period, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end ,of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work."). Because Defendants failed to provide proper meal periods, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code §§ 226.7 and 512 and applicable Wage Orders, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code § 1021.5." (Complaint ¶¶ 52-53.)

38. As to rest periods only, Plaintiff alleges "Defendants failed to provide the rest periods that are required by applicable Wage Orders. See Brinker, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in: length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more. than 10 hours up to 14 hours, and so on."). Because Defendants failed to provide proper rest periods, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and applicable Wage Orders, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code § 1021.5." (Complaint ¶¶ 56-57.)

39. Plaintiffs' Unfair Competition Law ("UCL") is premised on the "above-described unlawful actions," including the above alleged meal and rest period practices. (Complaint ¶ 80.)

40. The statute of limitations for a claim under the UCL is four years. Cal. Bus. & Prof. Code § 17208. Under the UCL, an individual may recover unlawfully withheld wages as a form of restitution. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000). A plaintiff may seek to recover meal and rest period premium pay as a form of restitution under the UCL, under the theory that premium pay constitutes wages. *See Naranjo v. Spectrum Sec. Servs.*, 13 Cal.5th 93, 117 (2022) ("missed-break premium pay constitutes wages").

41. 41. From January 27, 2021, to the present, Craft employed, in the aggregate, at least 1,103 non-exempt employees in California. Those employees worked approximately 67,521 workweeks.

42. Craft may employ reasonable assumptions based on the Complaint to determine the amount in controversy. *Arias v. Residence Inn By Marriott, Ltd.*, 936 F.3d 920, 927 (9th Cir. 2019) ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'") The language in Plaintiff's complaint indicates that a 100% assumed violation rate would be a reasonable assumption. *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate") (emphasis added); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate.") (emphasis added). Lesser violation rates are consistently accepted for purposes of the amount in controversy and courts

have found "violation rates of 25% to 60% can be reasonably assumed as a matter of law." *Avila v. Rue21, Inc.*, 432 F.Supp.3d 1175, 1186, 1189 (E.D. Cal. 2020) (finding a 40% violation rate reasonable based upon the "pattern and practice" allegation); *see also Rodriguez v. USF Reddaway, Inc.* No, 2:21-cv-02270-TLN-DB, 2022 WL 3274345 at 5-6 (E.D. Cal. Aug. 9, 2022,) (finding "defendant's use of a 25% violation rate for plaintiff's meal period claim is reasonable" and the same 25% rate reasonable for rest period claims); *Bridges v. Dealers' Choice Truckaway Sys., Inc.*, No. 2:20-cv-01620-ODW (SKx), 2020 WL 4937505, at *9 (C.D. Cal., Aug. 24, 2020) (finding 50% is a reasonable violation rate to use for CAFA removal); *Sanchez v. Abbott Laboratories*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *5 (E.D. Cal. June 30, 2021) (finding a 40% violation rate for a meal period claim and 20% violation rate for a rest period claim to be reasonable because of "pattern and practice" allegations); *Olson v. Becton, Dickinson & Co.*, No. 19CV865-MMA (BGS), 2019 WL 4673329, at *5 (S.D. Cal. Sept. 25, 2019) (finding a 25% violation rate to be appropriate for the plaintiff's meal and rest period claims based on the "pattern and practice" allegation); *Elizarraz v. United Rentals, Inc.*, No. 2:18-CV-09533-ODW (JC), 2019 WL 1553664, at *4 (C.D. Cal. Apr. 9, 2019) (finding a 50% violation rate for a meal period claim and 25% violation rate for a rest period claim to be reasonable because of "pattern and practice" allegations).

43.     Even so, utilizing an extremely conservative rate of 2 violations per 5-day workweek (i.e., 40%) for meal periods and 2 violations per 5-day workweek (i.e., 40%) for meal periods, meal and rest period premium pay in controversy is approximately of **$5,331,458**. ((Meal: 67,521 workweeks x $19.74 average hourly rate x 2 violations per workweek = $2,665,729); (Rest: 67,521 workweeks x $19.74 average hourly rate x 2 violations per workweek = $2,665,729)

### 6.     Further Data

44.     For purposes of this removal, the claims above are sufficient to support the required $5 million threshold amount in controversy. However, Craft has provided

data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy. (Keller Decl. ¶¶ 2-4.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

### 7. Attorney Fees

45. Based on the above, Craft has demonstrated there is at least **$9,986,137** (**$2,785,709** + $758,250 + $1,110,720 + 2,665,729 + 2,665,729) in controversy in waiting time penalties and restitution for unpaid wages solely from alleged off-the-clock work.

46. Plaintiff also seeks an award for attorneys' fees: "attorneys' fees pursuant to Labor Code sections 218.5, section 1021.5, and/or other applicable law." (Ex. 1, Complaint, Prayer, *see also,* ¶¶ 2, 17, 43, 48, 53, 57, 70, 74, and 81.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

47. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$2,496,534** (**$9,986,137** x 0.25).

/ / /

/ / /

### 8. **Summary**

48. Based Plaintiff's allegations, the amount in controversy is at least **$12,482,671** (**$9,986,137** + $2,496,534). The Complaint satisfies the $5 million threshold.

## IV. **VENUE IS PROPER IN THIS COURT**

49. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Los Angeles is within the Central District of California. 28 U.S. Code § 84(c)(2). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

50. The undersigned is counsel of record for Defendant Craft.

51. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Tim Johnson, and Exhibits 1 to 4 thereto, which constitute a copy of all processes, pleadings, and orders provided to Craft. (Johnson Decl. ¶¶2-7.)

52. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as detailed above.

53. As required by 28 U.S.C. §1446(d), Craft provided Notice of Removal to Plaintiff through his attorneys of record.

54. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Los Angeles.

55. If this Court has a question regarding the propriety of this Notice of Removal, Craft respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Craft removes the above-entitled action to the United States District Court for the Central District of California.

DATED: February 28, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tim L. Johnson*
Spencer C. Skeen
Tim L. Johnson
Andrew J. Deddeh
Brett R. Tengberg
Attorneys for Defendants
CRAFT USA HOLDINGS, LLC and
ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC